IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ANDRE T. WASHINGTON,

               Plaintiff,

     v.

JEFF THOMAS, R.N.; DR.
NICOLETTA TURNER-FOSTER,

               Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-0992 (JBS-AMD)

**OPINION**

APPEARANCES:

Andre T. Washington, Plaintiff Pro Se
18664 Joann Street
Detroit, MI 48205

**SIMANDLE, Chief Judge:**

## I.   INTRODUCTION

Before the Court is Plaintiff Andre T. Washington's
("Plaintiff"), submission of a civil rights complaint pursuant
to *Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics*, 403 U.S. 388 (1971), Docket Entry 1. At this time,
the Court must review the complaint, pursuant to 28 U.S.C. §
1915A to determine whether it should be dismissed as frivolous
or malicious, for failure to state a claim upon which relief may
be granted, or because it seeks monetary relief from a defendant
who is immune from such relief. For the reasons set forth below,
the Court concludes that the complaint shall proceed in part.

## II. BACKGROUND

Plaintiff brings this civil rights action against Nurse Jeff Thomas and Dr. Nicoletta Turner-Foster, medical personnel at FCI Fort Dix, New Jersey. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

At the time Plaintiff filed the complaint, he was a convicted and sentenced federal prisoner confined at Fort Dix.[1] Plaintiff states he submitted a request for medical attention for his large toes on both feet on October 4, 2014. Complaint at 5. Nurse Thomas examined the toes and informed Plaintiff they were not infected. *Id.* According to the complaint, "[t]his medical encounter was not entered into the system to update [Plaintiff's] file[] to [receive] a[n] appointment to be treated." *Id.* Plaintiff requested another medical appointment on November 10, 2014, but "this encounter was not entered in the system to [receive] a[n] appointment, this was also done with RN Jeff Thomas." *Id.* at 5-6.

Plaintiff saw Nurse Thomas again on November 13, 2014, at which time he received Band-Aids for his toes. *Id.* at 6. Nurse

---

[1] Plaintiff informed the Court that he will be released from custody on January 11, 2017. Notice of Change of Address, Docket Entry 11.

Thomas again told Plaintiff his toes were not infected and again did not include this appointment in Plaintiff's medical file. *Id.*

Plaintiff returned to medical on January 16, 2015 as his blisters were causing "severe pain and yellowish, greenish fluid" was discharging from his right foot. *Id.* Once again, Nurse Thomas told Plaintiff his toes were not infected and did not provide any medication or treatment to Plaintiff other than instructing Plaintiff to purchase antibiotic ointment and Ibuprofen from the commissary. *Id.* This visit also was not included in Plaintiff's medical files. *Id.* On January 20, 2015, Plaintiff returned to medical and was seen by a different medical professional. He was thereafter transferred to Robert Wood Johnson University Hospital. *Id.* The hospital determined that Plaintiff's right metatarsal bone was infected and had to be amputated along with his big toe. *Id.* The amputation occurred on February 22, 2015. *Id.* Plaintiff returned to Fort Dix on April 5, 2015. *Id.*

Upon his return to Fort Dix, Plaintiff requested a wheelchair as his wound was still "open." *Id.* Dr. Turner-Foster denied the request. *Id.* A nurse later made another request for a wheelchair, but Dr. Turner-Foster denied that request as well. *Id.* "As a result the wound bled for 3 ½ months causing the prolonged pain and suffering from the 1 ½ mile walk to the

3

dining hall. Also request Physical Therapy and was told the best therapy was to walk on it." *Id.*

This complaint followed in February 2016.

### III. STANDARD OF REVIEW

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under §§ 1915, 1915A, and 1997e because Plaintiff is a prisoner proceeding *in forma pauperis* seeking redress from a government official regarding the conditions of his confinement.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007)

(following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[2] "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

**B.** *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*

In *Bivens*, the Supreme Court created a federal counterpart to the remedy created in 42 U.S.C. § 1983. *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) ("*Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials"), *cert. denied*, 543 U.S. 1049 (2005). In order to state a claim under *Bivens*, a plaintiff must allege: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law. *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006); *see also Collins v. F.B.I.*, Civ. No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that *Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other.").

**IV. ANALYSIS**

Plaintiff alleges Nurse Thomas and Dr. Turner-Foster violated the Eighth Amendment's proscription against cruel and unusual punishment by denying him adequate medical care. In order to set forth a cognizable claim for a violation of the right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison

6

officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Accepting the factual allegations in the complaint as true and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently pled an Eighth Amendment violation by Nurse Thomas. Plaintiff alleges Nurse Thomas examined his visibly infected toes on four occasions, failed to provide any treatment, and failed to document Plaintiff's visits. As a result, the infection spread and ultimately necessitated the amputation of portion of Plaintiff's right foot. Based on the facts provided in the complaint and assuming their truth for screening purposes only, it is reasonable to infer for screening purposes that Nurse Thomas was indifferent to Plaintiff's infection.

Plaintiff has not sufficiently pled an Eighth Amendment violation by Dr. Turner-Foster, however. According to the complaint, Dr. Turner-Foster denied Plaintiff's request for a wheelchair and physical therapy. Complaint at 7. He further states he was not given a wheelchair until a physician's assistant ordered one for him in July 2015, and that Dr. Turner-Foster told him that "'the best physical therapy is to walk on it.'" *Id.* at 7-8. "[D]isagreements over medical judgment do not amount to an Eighth Amendment claim. Courts defer to prison doctors' professional judgment, which will be presumed valid

'unless it is such a substantial departure from professional judgment, practice or standards as to demonstrate that the doctor did not base the decision on such a judgment.'" *Soto-Muniz v. Martin*, No. 15-1874, 2016 WL 7157996, at *2 (3d Cir. Dec. 8, 2016) (quoting *White v. Napoleon*, 897 F.2d 103, 110, 113 (3d Cir. 1990)).

Here, there is nothing in the complaint that suggests anything other than Plaintiff disagrees with Dr. Turner-Foster's decisions. In the absence of further facts, the fact that a physician's assistant later ordered a wheelchair to assist with healing is insufficient to state a deliberate indifference claim as "mere disagreements of professional opinion do not amount to deliberate indifference." *Id.* at *3. There is nothing in the complaint that reasonably suggests Dr. Turner-Foster refused to provide necessary medical treatment out of indifference to Plaintiff's needs as the complaint only indicates she denied requests for a wheelchair and believed walking was sufficient physical therapy. As Plaintiff may be able to provide facts that would support a deliberate indifference claim, however, his claim against Dr. Turner-Foster is dismissed without prejudice.[3]

---

[3] The Court declines to construe the claim against Dr. Turner-Foster as a negligence claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, as Plaintiff has not submitted the required notice of tort claim form that is a pleading requirement under the FTCA. 28 U.S.C. § 2675(b).

Plaintiff may move to amend his complaint to address the deficiencies noted by the Court.[4]

Plaintiff also requests the appointment of pro bono counsel. Appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). Courts, in deciding whether to appoint pro bono counsel, first must consider whether plaintiff's claim "has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted). If the court finds that it does, the court should consider the following factors:

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint unless the relevant portion is specifically incorporated in the new complaint. 6 *Wright, Miller & Kane, Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

> (6) whether the plaintiff can attain and afford counsel
> on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155–56, 157 n.5). This list of factors is not exhaustive, nor is a single factor determinative. *Id.* at 458. As the Court has permitted Plaintiff's complaint to proceed in part, there is sufficient merit to continue analyzing the *Tabron* factors.

Plaintiff states the appointment of counsel is warranted because he is unable to "attain and afford counsel" and "lacks the understanding of the rules of the laws to present an adequate case to the Court." Motion for Counsel ¶ 3. He further indicates he is "unable to pursue a[n] investigation to [retrieve] the necessary proofs for the case." *Id.* Plaintiff has pled sufficient facts to withstand summary dismissal, indicating he is able to present the issues to the Court. Additionally, he will shortly be released from custody, enabling him to seek out the services of an attorney on his own and to otherwise fully participate in the litigation and investigation. Based on the face of the complaint, it does not appear the issues are overly complex. The Court therefore finds that the appointment of counsel is not warranted at this time; Plaintiff may submit a new motion for the appointment of counsel in the future.

## V.  CONCLUSION

For the reasons stated above, Plaintiff's Eighth Amendment claim against Nurse Thomas shall proceed at this time. The Eighth Amendment claim against Dr. Turner-Foster is dismissed without prejudice at this time for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

An appropriate order follows.


**January 4, 2017**                          **s/ Jerome B. Simandle**
Date                                         JEROME B. SIMANDLE
                                             Chief U.S. District Judge